DUNLOP & ASSOCIATES, PC
Victor A. Dunlop (VAD-8571)
50 Boden Avenue
Valley Stream, New York 11580
(718) 441-4605 Telephone
(614) 455-9261 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JEAN ROBERT ST. LOT,

Plaintiff,

**COMPLAINT**

Docket No: 16cv3879

-against-

CITY OF NEW YORK, P.O. SEELEY of the 47th PRECINCT, P.O. JOHN DOE OF THE 47th PRECINCT, AND P.O. JULIO RODRIGUEZ (TAX ID NO: 942457000) OF THE 43rd PRECINCT,

Jury Trial Demanded

Defendants.
----------------------------------------------------------------------X

Plaintiff JEAN ROBERT ST. LOT, by his attorneys, Dunlop & Associates, PC, hereby respectfully alleges for his complaint against the City of New York, Police Officer Seeley of the 47th Precinct, Police Officer John Doe of the 47th Precinct and Police Officer Julio Rodriguez (Tax ID: 942457000).

## NATURE OF THE INSTANT ACTION

1. This is a civil action brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the United States Constitution against the City of New York (the "City"), Police Officer Seeley of the 47th Precinct, Police Officer John Doe of the 47th Precinct and P.O. Julio Rodriguez, Tax ID No: 942457000 of the 43rd Precinct ("Defendants").

2. In particular, the instant action seeks to vindicate the rights of Jean Robert St. Lot ("Plaintiff"). Plaintiff contends that Defendants falsely arrested him and maliciously prosecuted

him on two (2) different occasions on the dates of May 24, 2013 and September 13, 2013 for crimes that Defendants knew or reasonably should have known Plaintiff did not commit. Indeed, the charges for which Plaintiff was prosecuted were procured by fraud and intimidation and obtained in reckless disregard for the truth. The criminal proceedings for which Plaintiff spent a total of 4 days in the custody of the City of New York and was compelled to defend himself by making approximately 4 court appearances terminated in Plaintiff's favor and were dismissed and sealed pursuant to N.Y. C.P.L. §160.50. However, Plaintiff suffered substantial and irreparable harm as a result of Defendants' false arrest and malicious prosecution.

3. As Plaintiff will demonstrate hereunder, as a matter of policy and procedure, the unconstitutional actions of Police Officer Seeley of the 47th Precinct and Police Officer John Doe of the 47th Precinct on May 24, 2013 and the unconstitutional actions of Police Officer Julio Rodriguez on September 13, 2013, reflect a corrupt culture of misconduct indicative of NYPD police officers that has long existed in the City of New York.

4. By the instant action, Plaintiff seeks redress for the violations of his constitutional and civil rights and to recover damages he suffered as a result of the incidents complained of hereunder, including but not limited to damages for costs and expenses associated with defending the criminal proceedings, loss of reputation, mental anguish, pain and suffering, inconvenience, humiliation, and fear.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and §1343, as this action seeks redress for the violation of Plaintiff's federal constitutional and civil rights.

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

7. Plaintiff Robert Jean St. Lot is a Haitian male, whom at all relevant times resided in Bronx County, hereby sues in and on his own behalf. At all relevant times, he was subjected to false arrest, false imprisonment and malicious prosecution.

8. At all times hereinafter mentioned, Defendant City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. Upon information and belief, it is authorized under the laws of the State of New York to maintain a police department, the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers. The NYPD's operations include the operations as described herein. Upon information and belief, the federal government partially funds the law enforcement activities of the NYPD.

9. At all times hereinafter mentioned and upon information and belief, Police Officer Seeley of the 47th Precinct is and was an employee of the New York City Police Department, an agency of the City of New York, and acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the City of New York and acted within his scope of employment during the incident that occurred on May 24, 2013. He is sued in both, his individual and official capacities.

10. At all times hereinafter mentioned and upon information and belief, Police Officer John Doe of the 47th Precinct is and was an employee of the New York City Police Department, an agency of the City of New York, and acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the City of New York and acted within his scope of employment during the incident that occurred on May 24, 2013. He is sued in both, his individual and official capacities.

11. At all times hereinafter mentioned and upon information and belief, Police Officer Julio Rodriguez of the 43rd Precinct is and was an employee of the New York City Police Department, an agency of the City of New York, and acted toward Plaintiff under color

of statutes, ordinances, customs, and usage of the City of New York and acted within his scope of employment during the incident that occurred on September 13, 2013. He is sued in both, his individual and official capacities.

**JURY DEMAND**

12. Plaintiff demands trial by jury in this action.

**FACTUAL AVERMENTS**

**Incident 1**

13. On or about May 24, 2013 during the early afternoon, Plaintiff was lawfully operating his 2001 Suzuki Swift in the vicinity of Montefiore Hospital after picking up a letter from his doctor intended for his employer concerning his absence from work due to a heart attack Plaintiff suffered in March 2013. Plaintiff's vehicle displayed a temporary license plate bearing plate number160008N with an expiration date of May 30, 2013.

14. Upon information and belief, Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct, signaled for Plaintiff to pull over in his vehicle while Plaintiff was driving on Gun Hill Road in Bronx County. Plaintiff complied by pulling over and waited for Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct to reach the driver's side door of his vehicle.

15. Upon information and belief, Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct requested Plaintiff's driver's license, registration and proof of insurance. Plaintiff complied by presenting his driver's license, and temporary insurance card, since he was driving a vehicle that had a temporary registration.

16. Upon information and belief, Plaintiff handed Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct his license and either of them took Plaintiff's license, temporary registration and temporary insurance cards and left Plaintiff sitting in his car for approximately twenty (20) minutes.

17. Upon information and belief, Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct returned to where they left Plaintiff in his car on Gun Hill Road and advised Plaintiff that his insurance card was invalid and the temporary license plate was fraudulent.

18. Plaintiff advised Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct that the temporary license plate was legitimate, that he purchased the vehicle from a used car lot on Castle Hill Avenue and Plaintiff attempted to present to Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct further proof that his documents were legitimate. However, Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct refused to accept Plaintiff's further proof and ordered Plaintiff to exit the vehicle. Plaintiff complied.

19. Upon information and belief, Police Office Seeley and/or Police Officer John Doe of the 47th Precinct placed Plaintiff under arrest. Upon information and belief, Plaintiff advised Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct that he needed the blood thinners he was taking after having a recent heart attack, but Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct denied Plaintiff his medication.

20. Plaintiff was transported to the 47th Precinct and charged Plaintiff with using a fraudulent registration document. Plaintiff remained at the 47th Precinct for approximately eight (8) hours.

21. Upon information and belief, Plaintiff advised the police officers at the 47th Precinct that he had a recent heart attack and that he was taking blood thinners. Plaintiff asked that his son be permitted to bring his blood thinners. Upon information and belief, Plaintiff's son arrived at the 47th Precinct while Plaintiff was still in custody, but Plaintiff was still denied his blood thinners.

22. After spending approximately eight (8) hours at the 47th Precinct, Plaintiff was transported to Central Bookings where he remained until the next evening on May 25, 2013. Plaintiff was charged with driving with a fraudulent license plate.

23. Plaintiff appeared in the Bronx County criminal court for approximately four times until the charges against him were dismissed.

24. Police Officer Seeley and/or Police Officer John Doe's illegal actions were undertaken based on their intentional false arrest and malicious prosecution of Plaintiff based solely on their racial profiling. Further, it is the City's practice, procedure and policy to pull over drivers based on racial profiling.

25. Moreover, Plaintiff's rights with respect to being free of false imprisonment, and malicious imprisonment are clearly established and reasonable persons employed by the City of New York are aware of these rights, or have reasons to be so aware of these rights.

26. Police Officer Seeley and/or Police Officer John Doe's instigation of the commencement of criminal proceedings with regards to the charges, coupled with his continued cooperation with the District Attorney's office were outrageous and malicious and done with an improper motive, and were intended to injure Plaintiff with no desire to achieve justice. Moreover, Police Officer Seeley and/or Police Officer John Doe's illegal actions were done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to punitive damages against Police Officer Seeley and/or Police Officer John Doe.

**<u>Incident 2</u>**

27. On or about September 13, 2013, Plaintiff was driving his 2007 PT Cruiser on Watson Avenue in Bronx County at approximately 1:00 AM after leaving his employment as an engineer. Plaintiff purchased the PT Cruiser from an auction in New Jersey and the car displayed a dealer's license plate from the State of Alabama.

28. Upon information and belief, a black car was driving at a very slow rate of speed in front of Plaintiff, so Plaintiff passed the black car on the left side and although Plaintiff came close to the double lines, Plaintiff did not cross them. As soon as Plaintiff pulled in front of the black car, the car put on its siren and lights signaling Plaintiff to pull over.

29. Upon information and belief, Police Officer Julio Rodriguez requested Plaintiff's driver's license, registration and proof of insurance. Plaintiff complied by presenting his driver's license and registration.

30. Upon information and belief, Police Officer Julio Rodriguez accused Plaintiff of reckless driving and placed him under arrest.

31. Plaintiff was transported to the 43rd Precinct where he remained for approximately seven (7) hours after being searched, fingerprinted and photographed. Plaintiff was subsequently transported to Central Bookings where he remained over the weekend until September 16, 2013 and was released after arraignment. Plaintiff appeared in Bronx County criminal court on October 16, 2013 when the Bronx County District Attorney's office declined to prosecute.

32. Police Officer Julio Rodriguez's false arrest of Plaintiff was outrageous and malicious and done with an improper motive and was intended to injure Plaintiff with no desire to achieve justice. Moreover, Police Officer Julio Rodriguez's illegal actions were done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to punitive damages against Police Officer Julio Rodriguez.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation Of Plaintiff's Fourth Amendment Rights Pursuant to 42 U.S.C. §1983 Arising from Plaintiff's False Arrest and False Imprisonment

33. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 32 with the same force and effect as if fully set forth herein.

34. Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct violated the Fourth Amendment and Fourteenth Amendment of the United States Constitution by falsely arresting Plaintiff, falsely imprisoning Plaintiff and maliciously prosecuting Plaintiff, even after it had become clear that the information upon which Plaintiff relied with regards to this temporary license plate and insurance were legitimate.

35. Police Officer Rodriguez violated the Fourth Amendment and Fourteenth Amendment of the United States Constitution by falsely arresting Plaintiff and falsely imprisoning Plaintiff, despite it being evident that Plaintiff did drive his vehicle in a reckless manner.

36. The Defendants instituted the criminal proceedings against Plaintiff without probable cause as is evident by the charges from the May 2013 arrest being dismissed and District Attorney of Bronx County declining to prosecute the charges stemming from the September 2013 arrest.

37. Plaintiff's criminal proceedings from the May 2013 arrest terminated in his favor in January 2015 and the District Attorney of Bronx County declined to prosecute the charges stemming from the September 2013 arrest on October 16, 2013.

38. Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct acted maliciously in initiating the criminal proceedings and in continuing criminal proceedings by providing fraudulent information to the District Attorney's office.

39. The Defendants violated the Fourth Amendment and the Fourteenth Amendment of the United States Constitution by maliciously prosecuting Plaintiff, by providing false and malicious information to the District Attorney, by continuing to provide false and malicious information in

their cooperation with the District Attorney's office, even after it became evident that there was no basis in fact or in law to support Plaintiff's prosecution. The Defendants provided false and fraudulent information resulting in clear evidence of malice and/or a reckless disregard for the truth. These violations are actionable under 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

Malicious Prosecution

40. Plaintiff hereby repeats and realleges each allegation numbered in paragraphs 1-39 above.

41. Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct instituted the criminal proceedings against Plaintiff without probable cause as is evident by the People's failure to find plaintiff guilty of operating a motor vehicle with a fraudulent registration.

42. Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct knowingly and maliciously provided false and fraudulent information in support of Plaintiff's continued prosecution.

43. Plaintiff's criminal prosecution ended in his favor when the charges against him were dismissed in January 2015.

44. Police Office Seeley and/or Police Officer John Doe of the 47th Precinct violated Plaintiff's Fourth Amendment rights by maliciously prosecuting Plaintiff, by providing false and malicious information in his cooperation with the District Attorney's office even after it because evident that there was no basis in law or in fact to support Plaintiff's prosecution. Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct provided false and fraudulent information resulting in clear evidence of malice and/or a reckless disregard for the truth. These violations are actionable under 42 U.S.C. §1983.

45. All of Police Officer Seeley and/or Police Officer John Doe's actions were carried out under color of state law.

46. As a result of Police Officer Seeley and/or Police Officer John Doe's unconstitutional conduct, Plaintiff demands judgment in a sum of money to be determined at trial.

SECOND CAUSE OF ACTION

(Monell Claim Against the City of New York)

47. Plaintiff hereby repeats and realleges each allegation numbered in paragraphs 1 through 46 as if the same were fully set forth at length.

48. Defendant City of New York, through a policy, practice and/or custom, directly caused the constitutional violations suffered by Plaintiff by unlawfully stopping individuals solely on the basis of race and by demonstrating deliberate indifference to Plaintiff's constitutional rights by failing to properly train, retrain, supervise, discipline, and monitor Police Officer Seeley and/or Police Officer John Doe of the 47th Precinct and Police Officer Julio Rodriguez and improperly retaining and utilizing him despite being aware and on notice that they were likely to violated the Plaintiff's constitutional rights.

49. The existence of the aforesaid unconstitutional policy, practice and custom of profiling African American and Latino males may be inferred by the August 12, 2013 decision in *Floyd, et al. v. City of New Yrok, et al.,* 08-cv-1034(SAS), finding that the NYPD had violated the rights of thousands of citizens with respect to the application of its "Stop and Frisk" policy.

50. Despite Plaintiff having been pulled over in his vehicle while driving after having committed no moving violation or traffic infraction, Plaintiff was nonetheless a victim of racial profiling or otherwise commonly known as "driving while Black", wherein he was pulled over simply because of his assumed race based on the color of his skin.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant to him judgment containing the following relief:

a. An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

b. An award of punitive damages to be determined at the time of trial as against each of the individual defendants;

c. An award of reasonable attorneys' fees and the cost of this action pursuant to 42 U.S.C. §1988; and

d. Such other and further relief as this Court may deem just and proper.

DATED: Brooklyn, New York
March 25, 2016

DUNLOP & ASSOCIATES, PC

Victor A. Dunlop (VAD-8571)
Attorneys for Plaintiff
Robert Jean St. Lot

Office and P.O. Address

50 Boden Avenue
Valley Stream, New York 11580
(718) 441-4605 Telephone
(614) 455-9261 Facsimile