DUNLOP & ASSOCIATES, PC
Victor A. Dunlop (VAD-8571)
50 Boden Avenue
Valley Stream, New York 11580
(718) 441-4605 Telephone
(614) 455-9261 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEAN ROBERT ST. LOT,

|  |  |
|---|---|
| Plaintiff, | **SECOND**<br>**AMENDED COMPLAINT** |
|  | Docket No: 16cv3879 |
| -against- |  |
| CITY OF NEW YORK, | Jury Trial Demanded |
| Defendant. |  |

------------------------------------------------------------------------X

Plaintiff JEAN ROBERT ST. LOT, by his attorneys, Dunlop & Associates, PC, hereby respectfully alleges for his second amended complaint against the City of New York, the following:

## NATURE OF THE INSTANT ACTION

1.      This is a civil action brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the United States Constitution against the City of New York (the "City" or "Defendant") based on the actions of its agent and employee, non-party P.O. Julio Rodriguez, Tax ID No: 942457000 of the 43rd Precinct ("P.O. Rodriguez").

2.      In particular, the instant action seeks to vindicate the rights of Jean Robert St. Lot ("Plaintiff"). Plaintiff contends that, while on duty and acting under color of title, P.O. Julio Rodriguez falsely arrested him and maliciously prosecuted him on September 13, 2013 for a crime that the Defendant knew or reasonably should have known Plaintiff did not commit.

Indeed, the charges for which Plaintiff was prosecuted were procured by fraud and intimidation and obtained in reckless disregard for the truth. The criminal proceedings for which Plaintiff spent a total of 3 days in the custody of the Defendant and its agency, the New York Police Department and was compelled to defend himself terminated in Plaintiff's favor when the District Attorney's office declined to prosecute. However, Plaintiff suffered substantial and irreparable harm as a result of P.O. Rodriguez's false arrest and malicious prosecution.

3.      As Plaintiff will demonstrate hereunder, as a matter of policy and procedure, the unconstitutional actions of P.O. Julio Rodriguez on September 13, 2013, reflects a corrupt culture of misconduct indicative of NYPD police officers that has long existed in the City of New York, which includes pulling over drivers of color, without the driver having first committed a traffic infraction, which has sometimes been referred to as "driving while black".

4.      By the instant action, Plaintiff seeks redress for the violations of his constitutional and civil rights and to recover damages he suffered as a result of the incident complained of hereunder, including but not limited to being falsely arrested, time spent in custody, loss of reputation, mental anguish, pain and suffering, inconvenience, humiliation, and fear.

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and §1343, as this action seeks redress for the violation of Plaintiff's federal constitutional and civil rights.

6.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

7.      Plaintiff Robert Jean St. Lot is a Haitian male, whom at all relevant times resided in Bronx County, hereby sues in and on his own behalf. At all relevant times, he was subjected to false arrest, false imprisonment and malicious prosecution.

2

8.      At all times hereinafter mentioned, Defendant City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. Upon information and belief, it is authorized under the laws of the State of New York to maintain a police department, the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.   The NYPD's operations include the operations as described herein. Upon information and belief, the federal government partially funds the law enforcement activities of the NYPD.

### Police Officer Julio Rodriguez

9.       At all times hereinafter mentioned and upon information and belief, P.O. Julio Rodriguez of the 43rd Precinct, who is not a party to this action but was acting on the Defendant's behalf, is and was an employee of the New York City Police Department, an agency of the City of New York, and acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the City of New York and acted within his scope of employment during the incident that occurred on September 13, 2013.

### JURY DEMAND

10.     Plaintiff demands trial by jury in this action.

### FACTUAL AVERMENTS

11.     On or about September 13, 2013, Plaintiff was driving his 2007 PT Cruiser on Watson Avenue in Bronx County at approximately 1:00 AM after leaving his employment as an engineer. Plaintiff purchased the PT Cruiser from an auction in New Jersey and the car displayed a car dealer's license plate from the State of Alabama.

12.     Upon information and belief, while Plaintiff was operating his PT Cruiser on the date and at the time stated in paragraph 11 above, a black car was driving at a very slow rate of

speed in front of Plaintiff. Plaintiff passed the black car on the left side and although Plaintiff came close to the double lines, Plaintiff neither crossed them nor did he exceed the posted speed limit. As soon as Plaintiff pulled in front of the black car, the car put on its siren and lights signaling Plaintiff to pull over.

13.    Upon information and belief, P.O. Rodriguez requested Plaintiff's driver's license, registration and proof of insurance. Plaintiff complied by presenting the requested documents.

14.    Upon information and belief, P.O. Rodriguez accused Plaintiff of reckless driving and placed him under arrest.

15.    Plaintiff was transported to the 43rd Precinct where he remained for approximately seven (7) hours after being searched, fingerprinted and photographed. Plaintiff was subsequently transported to Central Bookings where he remained over the weekend until September 16, 2013 and was released after arraignment. Plaintiff appeared in Bronx County criminal court on October 16, 2013 when the Bronx County District Attorney's office declined to prosecute.

16.    P.O. Rodriguez's false arrest of Plaintiff was outrageous and malicious and done with an improper motive and was intended to injure Plaintiff with no desire to achieve justice. Moreover, P.O. Rodriguez's illegal actions were done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to punitive damages against the City because its employee and agent was acting pursuant to a policy and procedure adopted by the City.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
Violation Of Plaintiff's Fourth Amendment Rights Pursuant to
42 U.S.C. §1983 Arising from Plaintiff's False Arrest and False Imprisonment

17.    Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1

through 16 with the same force and effect as if fully set forth herein.

18.    Defendant's agent and employee, while acting under color of title and pursuant to the City's policy and procedures, violated the Fourth Amendment and Fourteenth Amendment of the United States Constitution by falsely arresting Plaintiff and falsely imprisoning Plaintiff, despite it being evident that Plaintiff did not drive his vehicle in a reckless manner.

19.    Defendant's agent and employee instituted the criminal proceedings against Plaintiff without probable cause as is evident by the District Attorney of Bronx County declining to prosecute the charges stemming from the September 13, 2013 arrest, wherein which that action against Plaintiff was dismissed on October 16, 2013.

20.    Defendant's agent and employee acted malicious and reckless in falsely arresting in initiating the criminal proceedings and in continuing criminal proceedings by providing fraudulent information to the District Attorney's office.

21.    Defendant violated the Fourth Amendment and the Fourteenth Amendment of the United States Constitution by maliciously prosecuting Plaintiff, by providing false and malicious information to the District Attorney even after it became evident that there was no basis in fact or in law to support Plaintiff's prosecution. The Defendant provided false and fraudulent information resulting in clear evidence of malice and/or a reckless disregard for the truth. These violations are actionable under 42 U.S.C. §1983.

SECOND CAUSE OF ACTION

Malicious Prosecution

22.    Plaintiff hereby repeats and realleges each allegation numbered in paragraphs 1-21 above.

23.    P.O. Rodriguez, acting under color of title, in his official capacity and as an

5

employee of the City, instituted the criminal proceedings against Plaintiff without probable cause as is evident by the People's declination to prosecute Plaintiff for the offense of reckless driving.

24.     P.O. Rodriguez knowingly and maliciously provided false and fraudulent information in support of Plaintiff's prosecution.

25.     Plaintiff's criminal prosecution ended in his favor when the Bronx County District Attorney declined to prosecute in October 2013.

26.     The Defendant violated Plaintiff's Fourth Amendment rights by it's agent and employee maliciously prosecuting Plaintiff, by providing false and malicious information to the District Attorney's office when it was evident that there was no basis in law or in fact to support Plaintiff's prosecution. P.O. Rodriguez provided false and fraudulent information resulting in clear evidence of malice and/or a reckless disregard for the truth. These violations are actionable under 42 U.S.C. §1983.

27.     P.O. Rodriguez's actions were carried out under color of state law.

28.     As a result of Officer Rodriguez's unconstitutional conduct, Plaintiff demands judgment in a sum of money to be determined at trial.

THIRD CAUSE OF ACTION
(Monell Claim)

28.     Plaintiff hereby repeats and realleges each allegation numbered in paragraphs 1 through 28 as if the same were fully set forth at length.

30.     Defendant, through a policy, practice and/or custom, directly caused the constitutional violations suffered by Plaintiff when its agents and employees, such as P.O. Rodriguez, unlawfully stop individuals solely on the basis of race and by demonstrating deliberate indifference to Plaintiff's constitutional rights by failing to properly train, retrain,

supervise, discipline, and monitor it agents and employees and improperly retaining and utilizing him despite being aware and on notice that he was likely to violated the Plaintiff's constitutional rights.

31.     The existence of the aforesaid unconstitutional policy, practice and custom of profiling African American and Latino males may be inferred by the August 12, 2013 decision in *Floyd, et al. v. City of New Yrok, et al.,* 08-cv-1034(SAS), finding that the NYPD had violated the rights of thousands of citizens with respect to the application of its "Stop and Frisk" policy.

32.     Despite Plaintiff having been pulled over in his vehicle while driving after having committed no moving violation or traffic infraction, Plaintiff was nonetheless a victim of racial profiling or otherwise commonly known as "driving while black", wherein he was pulled over simply because of his assumed race based on the color of his skin.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that this Court grant to him judgment containing the following relief:

  a.     An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

  b.     An award of punitive damages to be determined at the time of trial as against each of the individual defendants;

  c.     An award of reasonable attorneys' fees and the cost of this action pursuant to 42 U.S.C. §1988; and

  d.     Such other and further relief as this Court may deem just and proper.

DATED:     Valley Stream, New York
           December 11, 2016

                              DUNLOP & ASSOCIATES, PC

7

Victor A. Dunlop (VAD-8571)
Attorneys for Plaintiff
Robert Jean St. Lot

Office and P.O. Address

50 Boden Avenue
Valley Stream, New York 11580
(718) 441-4605 Telephone
(614) 455-9261 Facsimile